**Mary Ann LEARNED, Plaintiff-Respondent,**

v.

**Rondal GODFREY, Defendant-Appellant.**

**No. 55583.**

Supreme Court of Missouri,
En Banc.

Dec. 14, 1970.

Thurman, Nixon, Smith & Howald, James E. Bowles, Hillsboro, for plaintiff-respondent.

Dearing, Richeson, Roberts & Wegmann, Roland A. Wegmann, Hillsboro, for defendant-appellant.

SEILER, Judge.

The question for decision is whether a challenge for cause under Sec. 495.150, RSMo 1969, V.A.M.S., a statute relating to jurors in counties of 60,000 to 100,000 population, extends only to jurors who are in the employ of one who is a client of a lawyer in the case, or does it include a juror who is himself a client of one of the lawyers.

In the case before us—a personal injury suit won by the defendant—the trial court granted plaintiff a new trial for failure to strike two jurors challenged for cause under the above statute. The two jurors were clients of two of the partners in the

firm which represented defendant. Defendant appeals.[1] We affirm.

Before reaching the merits, we overrule defendant's contention that plaintiff's counsel, in effect abandoned any challenge he may have had.[2] Without taking the space to set out in detail the portion of the voir dire examination which contains the alleged abandonment, we bear in mind the trial judge was dealing with lawyers of his own circuit, whose courtroom methods he would know. He heard what was said and would also be aware (as we cannot) of the inflection and expression with which the words were spoken by counsel. He would know whether the trial atmosphere was such the objection remained in the case. We can see from his order granting a new trial, that he, with his experience, did not regard the challenges, once made, as having been abandoned or waived. We defer to his judgment on the point.

The statute under consideration reads as follows: "If upon the voir dire it appears that any juror is in the employ of any person, firm, or corporation who has within the six months last past employed, or who within such time has had in his or its employ, any attorney on either side of the case being tried, the opposing party shall have the right to challenge such juror for cause."

It first appeared in Laws 1911, p. 304, being Sec. 18 of an act repealing Art. II, Chap. 64, RSMo 1909, relating to selection of jurors in counties of 100,000–175,000, and enacting in lieu thereof a new article for counties of 60,000–200,000 inhabitants. We do not find a decision directly construing the statute, although in Johnson v. Missouri-Kansas-Texas Rr. Co. (Mo.Sup.) 374 S.W.2d 1, 2, in a damage suit tried in Vernon County (to which the statute would not apply), the court, by way of dictum, said: "* * * In counties of 60,000 to 200,000 population the relationship of attorney and client within six months confers upon the opposing party 'the right to challenge such juror for cause.' V.A.M.S. Sec. 495.150 * * *" The exact question before the court, however, was whether *without* a statute a juror is absolutely disqualified because he is presently the client of an attorney for one of the parties.

In Hicks v. Simonsen, 307 Mo. 307, 270 S.W. 318, the statute was upheld against a constitutional attack that it was a special and not a general law. In Privitt v. St. Louis-San Francisco Ry. Co. (Mo.Sup.) 300 S.W. 726, it was held the statute did not deny due process or the right to an impartial jury.

As is readily observed, the statute has an awkward arrangement of clauses and pronouns. The result is to make it capable of being understood in two constructions and, therefore, ambiguous. It can be read as disqualifying only a juror in the employ of any person, firm, or corporation who has employed or has had in its employ, within the six months last past, any attorney on either side of the case being tried. To do this requires reading the clause "or who within such time has had in his or its employ" as referring to "any person, firm, or corporation" and not to "any juror". Defendant contends the statute goes no further than this.

The statute can also be read as applying to any juror who has had in his employ, or who is in the employ of any person, firm, or corporation who has employed, within the six months last past, any attorney on either side of the case being tried. To do this requires treating the clause "or who within such time has had in his or its em-

---

1. The case is here by our order of transfer from the St. Louis Court of Appeals, Sec. 10, Art. 5, 1945 Constitution, V.A. M.S.

2. The point was specifically raised in the motion for new trial, but defendant con-

tends counsel failed to keep the challenges alive in the voir dire. Defendant also contends counsel made no specific challenge for cause at all, but the record is against defendant on this.

ploy" as though the words "or its" were improvidently included and the remainder of the clause as referring to the "any juror" mentioned at the beginning of the statute. This is the construction espoused by plaintiff. It would disqualify a juror who was a client of defendant's counsel, as well as a juror whose employer was a client of defendant's counsel.

The primary and basic rule governing the construction of a statute is to ascertain and give effect to the legislative intent, Flarsheim v. Twenty Five Thirty Two Broadway Corp. (Mo.Sup.) 432 S.W.2d 245; Edwards v. St. Louis County (Mo. Sup. banc) 429 S.W.2d 718. We think it is fair to conclude the purpose and intent of the legislature in enacting the statute, evidently believing conditions existed within counties of certain population which made it necessary, was "* * * to provide juries for the trial of cases which were entirely disinterested, and free from the influence of attorneys on either side of the case * * *", to promote "* * * the ends of justice by providing impartial jurors to try cases pending in court", Hicks v. Simonsen, supra, 270 S.W. l.c. 325. If so, it is an unreasonable construction to say the legislature would disqualify a juror merely because he was employed by a firm who employed an attorney on either side of the case and yet not disqualify him if he, himself, employed the attorney.

We, therefore, hold the statute applies to both classes of jurors. In so construing the statute we disregard as doubtful and improvidently inserted the words "or its" appearing in the second clause, for as this court, en banc, stated in State ex rel. Harvey v. Sheehan, 269 Mo. 421, 190 S.W. 864, 865: "* * * We have frequently said that doubtful words of a statute will be enlarged, restricted, supplied, or even stricken out in order to make them conform to the true intent of the lawmakers * * *" In Bingham v. Birmingham, 103 Mo. 345, 15 S.W. 533, 534–535, this court struck out the words "* * * 'executed substantially as provided for in the next

preceding section' * * *", as "having been improvidently inserted", saying that "* * * In pursuing this course we do but follow well-approved precedents, and allow the reason of the law to prevail over its letter * * *" In City of Joplin v. Joplin Water Works Company (Mo.Sup.) 386 S.W.2d 369, 373–374, we said: "* * Acting on the presumption that the legislature never intends to enact an absurd law * * * and on the principle that the reason of the law should prevail over the letter of the law, courts * * * confronted with ambiguous or contradictory language * * * have stricken out words or clauses regarded as improvidently inserted, in order to make all sections of a law harmonize with the plain intent * * of the legislature * * *."

Judgment affirmed.

All of the Judges concur.