**Eugene MILLS, d/b/a Eugene Mills and Sons, Plaintiff-Appellant,**

v.

**B. Wayne FREEMAN and Doris Eileen Freeman, Defendants-Respondents.**

No. 39732.

Missouri Court of Appeals, Eastern District, Division Two.

April 3, 1979.

William D. Kimme, Washington, Isadore Lamke, Union, for plaintiff-appellant.

Dallas W. Cox, Jr., Terrence F. Moffitt, St. Louis, for defendants-respondents.

STEWART, Judge.

This is an appeal from the order of the trial court granting defendant a new trial after a jury verdict in plaintiff's favor in an action to enforce a mechanics lien.

The trial in this case was held on June 23, 1977. One of the members of the venire revealed that plaintiff's counsel had been retained and performed services for her in April of 1977. Defendant's challenge for cause was denied.

After the verdict for plaintiff the trial court granted a new trial on the ground that it should have stricken the venireman after she had been challenged for cause for the reason that the plaintiff's counsel had represented her within six months of the date of the trial.

Chapter 495, RSMo 1969 governs petit jury selection in counties of 60,000 to 200,-000 population. Franklin County, the situs of the trial in this case, is governed by that statute. The basis for the court's action is § 495.150 which reads as follows:

"If upon the voir dire it appears that any juror is in the employ of any person, firm, or corporation who has within the six months last past employed, or who within such time has had in his or its employ, any attorney on either side of the case being tried, the opposing party shall have the right to challenge such juror for cause. (R.S.1939, § 748)"

Plaintiff would argue that under the statute the trial court is not required to excuse a juror who has been represented by counsel for either side when challenged. He urges that the trial court may in its discretion determine the qualifications of such a juror as it would any other juror challenged for cause and upon a determination that no prejudice exists, deny the challenge. He contends that the statute merely gives the right to challenge; that it does not create a disqualification.

■ The issue raised has not been specifically ruled by our courts. The right to challenge any juror for cause is fundamental to our system of jurisprudence. A party is entitled to a fair and impartial jury. He has a right to reject all who are prejudiced or unqualified. *State v. Andrews*, 371 S.W.2d 324 (Mo.1963). If we accept plaintiff's interpretation of the statute the litigants have obtained nothing that they did not have before the statute was passed.

■ In statutory construction we give primary emphasis to the legislative intent as expressed in the statute. We also assume that the legislature intended to change the existing law and that it intend-ed to pass a law that would be effective. *Cohen v. Poelker*, 520 S.W.2d 50 (Mo.1975). The legislature certainly intended to give to a litigant something more than the mere right to have the trial court act upon his request that a juror be excused in cases where counsel for one of the parties had represented the juror within six months of the trial. The only right that could be granted by the statute that did not exist before its passage is the right to have such juror excused upon request.

The legislative intent of § 495.150 was delineated in *Learned v. Godfrey*, 461 S.W.2d 5, 7 (Mo.1970). It is said in that case that the legislature believed that conditions existed in counties described in Chapter 495 which made it necessary to provide jurors in those counties who were entirely disinterested and free from the influence of the attorneys who were retained in the cause.

The facts in *Learned* are practically identical with the facts in this case. Two jurors were clients of the firm that represented defendant. The court granted plaintiff a new trial for failure to strike the two jurors when challenged for cause under § 495.150. It was contended that the statute applied to disqualify only those jurors who had been in the employ of a client of a lawyer in the case and not to a juror who is himself a client of one of the lawyers. Although the statute was not deftly drawn the court held that the legislature did not intend such an absurd result and that a reasonable interpretation also required the disqualification of the juror who was the client of the lawyer. While the issue was not presented there is no doubt but that the Supreme Court read § 495.150 as a disqualification of the lawyer who had represented a juror within the six months period. See also *Hicks v. Simonsen*, 307 Mo. 307, 270 S.W. 318 (1925) holding the statute to be constitutional as a general rather than a special law.

■ A reasonable construction of the statute in accord with the legislative intent requires the court to strike a juror upon challenge when the juror or the juror's em-

ployer has been represented by counsel for the opposing party within six months of the trial. The trial court did not err in granting a new trial.

Other matters urged by the parties need not be discussed.

The order of the trial court is affirmed and the cause is remanded for a new trial.

STEPHAN, P. J., and KELLY, J., concur.