**In re ESTATE OF Cyble D. LLOYD, Deceased.**

**Max LLOYD, Petitioner-Respondent,**

v.

**Ethel Cox BOND, Respondent-Appellant.**

**No. 13366.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 7, 1984.

L.R. Magee, Hines & Magee, Kansas City, for respondent-appellant.

John A. Parks, Hermitage, for petitioner-respondent.

HOGAN, Judge.

This is a proceeding to discover assets under the provisions of § 473.340, RSMo (Supp.1983). Max Lloyd is the personal representative of the estate of Cyble D. Lloyd, deceased. He is also her surviving spouse. Ethel Cox Bond is the decedent's daughter by a previous marriage. The petition was laid in two counts. The first count averred that defendant Bond was in possession of personal effects, household goods and other personalty which was the property of the decedent. The alternative prayer of the first count was for possession of the personalty or for judgment for the value thereof. In the second count the petitioner alleged that a conveyance dated November 16, 1971, not delivered until June 9, 1982, was a conveyance in fraud of his marital rights within the intent of § 474.150, RSMo 1978, which read as follows:

"2. Any conveyance of real estate made by a married person at any time without the joinder or other written express assent of his spouse, made at any time, duly acknowledged, is deemed to be in fraud of the marital rights of his spouse, if the spouse becomes a surviving spouse, unless the contrary is shown." [1]

The trial court found that the items of personalty were assets of the estate and ordered them delivered. It was further found that the conveyance was made in fraud of the petitioner's marital rights. The court imposed a special lien on the realty coextensive with the petitioner's marital interest. Defendant appeals from the judgment entered on the second count. The questions tendered on appeal are: 1) whether the probate division had jurisdiction to try title to realty to the extent necessary to determine what assets were to be administered on, and to enforce its jurisdiction by appropriate order; 2) whether the deed was delivered to the grantee so as to be fully executed and effective before June 9, 1982, and 3) whether § 491.010, RSMo 1978, bars the testimony of a witness, who was not a party to the transaction and who had no interest therein, in a proceeding to discover assets. The first two questions must be answered yes, the third no, and the judgment must be affirmed. The opinion does not address nor extend to any question other than those just stated.

◼ We are obliged to inquire into the trial court's jurisdiction. Appellate jurisdiction cannot be conferred by waiver, acquiescence or even express consent. *In re Estate of Youngblood,* 447 S.W.2d 824, 826 (Mo.App.1969). If the trial court had no jurisdiction, this court has none. *Hart v. Board of Adjustment of the City of Marshall,* 616 S.W.2d 111, 113 (Mo.App.1981).

Section 473.340, which deals with the discovery of assets to be administered on in probate, has been amended several times in the last few years. The amendments have tended to expand the jurisdiction of the probate division.[2] However, before § 473.-340.1 was amended in 1982, Laws of Mo. 1982, p. 646, effective August 13, 1982, the first sentence of that subsection limited the discovery procedure to "personal" property. The amendment of 1982 struck the word "personal" from the first sentence of § 473.340.1 so the first subsection now appears to include all species of property,

---

**1.** The adjective "his" necessarily includes the feminine attributive adjective "her." Section 1.030.2, RSMo 1978.

**2.** Borron, Jurisdiction and Practice in the Probate Division Under the Court Reform Act, 36 J.Mo.Bar 13 (1980).

real, personal and mixed. In this case the petition was filed in October 1982, after the 1982 amendment had become effective.

■ We must assume that the General Assembly intended to change the existing law, and that it intended to pass a law which would accomplish that change. *Mills v. Freeman*, 581 S.W.2d 866, 867 (Mo.App.1979). Although a procedure for the recovery of real property in the probate division had been suggested, Missouri Probate Code—1980, MoBar CLE Series 76 (1980), the procedure was still circuitous, and it is manifest to this court that § 473.-340.1 was amended so the probate division could try title to all species of property which should be a part of the estate, and to enforce its decision by appropriate order. We so hold and conclude the trial court had jurisdiction.

The operative facts as they might have been found are: The decedent and her first husband owned a house and lot in Wheatland, in Hickory County. The decedent's first husband died in 1968. The parties have acted on the assumption that the death of the decedent's first husband left her seized of the premises in fee simple. We indulge that assumption. By general warranty deed dated November 16, 1971, the decedent conveyed the land to herself and the respondent as joint tenants, reserving a life estate. The parties and the trial court have further assumed that this deed was effectual to vest the fee title in the decedent and her daughter as joint tenants. We also indulge this assumption.

The deed was prepared and acknowledged November 16, 1971, in an attorney's office. The decedent instructed the attorney to keep the deed for her. When the attorney died, his daughter took charge of his papers and effects. She was given the same instruction by the decedent.

The decedent married Max Lloyd on January 18, 1976. On June 5, 1982, the decedent filed a petition for dissolution of her marriage to the petitioner. The action for dissolution was still pending when the decedent expired on July 1, 1982. She had been ill for some time and for some period of that time had been in a nursing home at Warsaw. After the dissolution proceeding was filed, the respondent asked for the deed. The custodian of the deed—daughter of the decedent's attorney—replied that she would have to obtain the decedent's permission. The decedent was then a patient in the St. Luke's Hospital in Kansas City. She consented to delivery of the deed, saying "Yes, it [will] be all right, to go ahead and record it [because the respondent] will get it sooner or later anyway." The deed was recorded June 9, 1982.

■ Having dealt with the question of the trial court's jurisdiction, we consider the matter of delivery, which the parties took as determinative at the time of trial. It is fundamental that a deed, to be operative as a transfer of the ownership of land or an interest or estate therein, must be delivered; it is delivery which gives the instrument force and effect. *Galloway v. Galloway*, 169 S.W.2d 883, 888 (Mo.1943). The authorities were exhaustively reviewed by this court in *Turner v. Mallernee*, 640 S.W.2d 517, 521 (Mo.App.1982).

As any reading of any well-written precedent, including *Turner v. Mallernee*, will show, such a thicket of exceptions and reservations has developed around the question of effective delivery that our courts have been reduced to saying it is the intention of the grantor which controls, and that ultimately the question whether there has been an effectual delivery depends on the facts of each case, etc. *Turner v. Mallernee*, 640 S.W.2d at 518–19. On the slender record before us, it is impossible to determine precisely what the grantor's intention was at the time she executed the deed and in any case it is the *time* of delivery which determines the appeal at hand.

Section 474.150.2 has yet to be fully construed, but our Supreme Court considered the statute in *Reinheimer v. Rhedans*, 327 S.W.2d 823 (Mo.1959). The court held:

"It is the apparent purpose of subsection 2 to shift the burden of proof to the grantee to disprove fraud where real estate is conveyed by the husband alone without the joinder or written and acknowledged assent of his wife; *the subsection was obviously written to compel joinders.* (Our emphasis.) Subsection 2 covers a broader field than subsection 1, in that the latter is confined to '*gifts*' in fraud of marital rights, whereas subsection 2 deals with all conveyances by a husband alone, presumably with or without consideration; but fraud is still necessary, as we construe the statute. It has been said ... 'It is probable, however, that if it is shown that consideration is given for the conveyance, the presumption as to fraud will be rebutted.' ... We do not decide that here, but consideration is certainly a highly material element in dealing with conveyances questioned as in fraud of marital rights, and especially so under this statute...."

Id. at 828–29.

■ In this case, the petitioner did not join in the conveyance nor assent in writing to the delivery which made it effective. It cannot even be said that he tacitly consented. There is no evidence he knew the extent of his wife's property or that he was aware of the deed. The consideration recited in the deed is one dollar. The record militates against the conclusion that the consideration given was more than nominal.[3] In addition, the decedent's consent to delivery and recordation was given shortly before she died and inferably in contemplation of death. Certainly the transaction exhibited badges of fraud sufficient to shift the burden of proof to the respondent grantee and the trial court found she had not discharged that burden. We are asked to reverse the judgment on the ground that

it is against the weight of the evidence. We may not do so unless we entertain a "firm belief that the decree or judgment is wrong." *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Review of the whole record creates no such firm belief.

■ The appellant contends that § 452.-330, RSMo (Supp.1983), governing the division of property in dissolution cases, should control. In our opinion, § 452.330 has no application whatever in this case. We decline to rule on this contention, however, because there is no indication it was ever presented to the trial court. This court will not, on review, convict a trial court of error of an issue which was not put before it to decide. *Lincoln Credit Co. v. Peach,* 636 S.W.2d 31, 36 (Mo. banc 1982), appeal dismissed 459 U.S. 1094, 103 S.Ct. 711, 74 L.Ed.2d 942 (1983).

Finally, we must consider the respondent's half-articulated argument that there was not competent and substantial evidence to support the finding of the trial court because witness Liedtke, daughter of the attorney who drew the deed, was disqualified by § 491.010, RSMo 1978, the Dead Man Statute. It was witness Liedtke who testified to the decedent's instruction to her father and to her, which were that the deed was to be delivered only upon the decedent's instruction.

■ Witness Liedtke's father would not have been disqualified by interest simply because he was the decedent's attorney. *Matter of Estate of Soper,* 598 S.W.2d 528, 534–35 (Mo.App.1980). Witness Liedtke was only a bystander; she was neither a party to the cause of action nor a witness who had any interest therein. She was not disqualified by the provisions of § 491.010. *Ham & Ham Lead & Zinc Inv. Co. v. Catherine Lead Co.,* 251 Mo. 721, 741–42,

---

3. "Q. ... Did you at any time take your mother into your home and take care of her? A. No, I did not." [R. 15.] "Q. Mrs. Bond, you are familiar with Plaintiff's Exhibit No. 1 to which this exhibit is a copy? A. Yes. Q. Okay. You are the person listed as the—as Ethel Cox,—A. Yes. Q. —in this particular deed; is that right? A. Yes. Q. Did you pay your mother anything? A. No, I did not. Q. For this deed—A. No, I did not. Q. —at any time? A. No." [R. 41–42.]

158 S.W. 369, 375 (1913); *Kneuven v. Berliner's Estate*, 54 S.W.2d 494, 500[10] (Mo. App.1932). No other objection was made.

We find no error materially affecting the merits of the action in any respect submitted to this court. Accordingly, the judgment is affirmed.

MAUS, P.J., and PREWITT, J., concurs.