Laura A. **KOLLMEYER,**
Plaintiff-Appellant,

v.

James Frank **WATERS,**
**Defendant-Respondent.**

No. 51627.

Missouri Court of Appeals,
Eastern District,
Southern Division.

June 23, 1987.

Motion for Rehearing and/or Transfer
Denied July 30, 1987.

Application to Transfer Denied
Sept. 15, 1987.

David L. Mayhugh, Flat River, for plaintiff-appellant.

Clinton B. Roberts, Farmington, for defendant-respondent.

PER CURIAM.

Plaintiff, Laura Kollmeyer, appeals from the judgment of the trial court entered on a jury verdict which found for defendant, James Waters, in an action for damages resulting from injuries sustained by plaintiff in an automobile collision on February 15, 1984. We reverse and remand.

Appellant's petition was filed on December 17, 1984 which alleged damages of $20,000.00. Respondent was represented by Clinton Roberts. On July 16, 1985, appellant filed a motion for leave to amend by interlineation which amended paragraph seven of the petition and the prayer for relief to reflect $75,000.00 in damages. The motion was granted[1] and Dennis McIntosh entered an appearance on August 6, 1985 in order to advise respondent on "any excess insurance problems in the case." On appeal, McIntosh remained an attorney of record until a motion for withdrawal of counsel was sustained by this court on July 7, 1986.

At the pretrial proceedings, appellant's counsel stated his intention to inquire whether any of the venirepersons had any knowledge of McIntosh's appearance and whether McIntosh represented any of them. Respondent's counsel (Roberts) objected and the trial court sustained the objection provided that McIntosh not participate in any pretrial or in-chambers discussions, not enter the bench and bar area, and not communicate with the witnesses. McIntosh was also told not to speak with respondent's counsel in the courtroom.

Appellant took exception to the ruling and preserved the point in her motion for a new trial.

Appellant raises six points of error on appeal. Because we reverse and remand on Point I, it is not necessary to address Points II through VI.

Appellant contends in her first point the trial court erred in not allowing appellant's counsel to inquire during voir dire whether any of the jurors had retained or been employed by a person or business that had retained McIntosh in that § 495.150, RSMo 1986,[2] allows appellant to challenge for cause any venireperson who either employed McIntosh or was employed by a person or business that employed McIntosh within the last six months.[3]

Section 495.150[4] states as follows:

*Right to challenge upon the voir dire.* —If upon the voir dire it appears that any juror is in the employ of any person, firm, or corporation who has within six months, last employed, or who within such time has had in his or its employ, any attorney on either side of the case being tried, the opposing party shall have the right to challenge such juror for cause.

This statutory provision has been addressed in *Mills v. Freeman*, 581 S.W.2d 866 (Mo.App.1979). The plaintiff in *Mills* contended the statute merely created a right to challenge and that disqualification of a juror would still be a matter of a discretionary determination of prejudice by the trial court. In rejecting that contention, the court held that "[a] reasonable

1. Although the court docket sheet indicates the motion was denied, a review of the record indicates that the docket entry was an error and that all parties proceeded on the amended petition.

2. All further statutory references are to RSMo 1986.

3. Upon filing appellate briefs, appellant attached "exhibits" not previously introduced or offered to the trial court which indicate that one of the jurors was employed by a company represented by McIntosh. Respondent has filed a

motion with this court to dismiss or in the alternative strike the "exhibits" and any reference thereto, and another portion of appellant's brief regarding Point IV. Because the issue is to be decided without these additional exhibits, we deny respondent's motion as moot as it relates to Point I. Paragraph two of the motion to strike addresses the argument in Point IV and, as we will not address this point, we deny that portion of the motion as moot, also.

4. Section 495.150 applies to petit juries in certain first class and in second class counties only. St. Francois County is a second class county.

construction of the statute in accord with the legislative intent requires the court to strike a juror upon challenge" when the criteria of the statute are met.

Respondent contends, however, that the statute does not apply to an attorney who has entered an appearance but rather to those who are obviously visible to the jury, are participating in the trial, and are in a position to influence the jury.

"In construing a statute the cardinal rule is to ascertain the intent of the legislature from the language used, and to consider all words in their ordinary and plain meaning." *Breeze v. Goldberg*, 595 S.W.2d 381, 382 (Mo.App.1980). It is presumed the legislature intended a logical and reasonable result. *Id.* Respondent's interpretation is unreasonable and would lead to endless speculation as to when an attorney is sufficiently "visible" to the jury or sufficiently "participating" so as to invoke a challenge for cause. The statute allows inquiry and requires disqualification upon employment of "any attorney on either side of the case" and we find this language evidences a clear and obvious intent by the legislature to provide challenges for cause where any attorney who has entered an appearance on behalf of any party has been retained by the juror or juror's employer within the previous six months.

Consequently, we find reversible error in the trial court's preclusion of appellant's attempt to exercise her right to make challenges for cause under § 495.150. In not being afforded the opportunity to question the panel, the statute was circumvented and appellant was not assured of her fundamental constitutional right to a fair and impartial jury. "The jury should consist of twelve, impartial, qualified jurors.... [P]arties are entitled to have that decision, whether for them or against them, based on the honest deliberations of twelve qualified jurors." *Frenette v. Clarkchester Corp.*, 692 S.W.2d 834, 837 (Mo.App.1985). We therefore conclude appellant's contention is meritorious and necessitates reversal.

The judgment is reversed and the case remanded for a new trial.

All concur.